IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03128-M-RJ

| | |
|---|---|
| LUIS ANTONIO ROSADO, Jr., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JOHN GRAY, et al., | ) |
| Defendants. | ) |

On April 21, 2023, Luis Antonio Rosado, Jr. ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On November 6, 2023, the court conducted its initial review, allowed an Eighth Amendment claim to proceed against defendant Simmons, but dismissed the remaining claims and defendants. See Order [D.E. 11].

On November 7, 2023, pursuant to the court's Standing Order 14-SO-02, the court issued a notice of lawsuit and request to waive service of a summons as to Simmons. [D.E. 12].

On December 14, 2023, plaintiff moved to appoint counsel. Mot. [D.E. 13].

On January 8, 2024, the North Carolina Department of Adult Correction ("DAC"), by and through the North Carolina Attorney General's Office, timely informed the court that it was unable to procure a waiver of service as to Simmons and provided under seal Simmons' last known address. [D.E. 14]. Also on that date, plaintiff moved for default judgment. Mot. [D.E. 15].

On January 9, 2024, summons issued as to Simmons. [D.E. 16].

On January 10, 2024, the court denied plaintiff's motion to appoint counsel and denied as premature plaintiff's motion for default judgment. Order [D.E. 17].

On January 18, 2024, plaintiff filed the instant motion, self-styled as "plaintiff's objection to Docket 16 [sic]." Mot. [D.E. 18]. Plaintiff argues, *inter alia*: defendant "has had ample time to defend his self [sic] and come forward"; the DAC and Maury C.I. employees "know the defendant in & out of work, so it should never have tooken [sic] this long to locate defendant Simmons"; and the court issued summons after plaintiff filed a "motion for default." Id. at 1–2. Plaintiff moves to court to allow Simmons a seven-day extension to answer or defend and requests that the court grant plaintiff's motion for default judgment if Simmons fails to do so. Id. at 2. Plaintiff contends that failure to grant default judgment "shows favoritism to the defendants [sic]," and that it is in the "public interest to grant this objection & move forward with plaintiff's motion for entry of default judgment in official & individual capacities [sic]." Id. at 3.

The court liberally construes the instant motion as seeking reconsideration of that part of the court's prior order that denied plaintiff's motion for default judgement. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (noting courts "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions.").

The court's Standing Order 14-SO-02 allows the DAC, then known as the Department of Public Safety ("DPS") sixty (60) days from the filing of the request for waiver of service to respond. This standing order further provides that, when the DPS is unable to procure a defendant's waiver of service for any reason, the DPS or the North Carolina Attorney General's Office shall file a response that provides, *inter alia*, the last known address of the defendant.

As noted above, the DAC, although unable to obtain a waiver of service, complied with the court's standing order by timely providing Simmons' last known address. [D.E. 12, 14]. Moreover, the court's order on initial review directed the U.S. Marshals Service, if service under

2

the standing order failed, to make service on Simmons pursuant to 28 U.S.C. § 1915(d), see Order [D.E. 11], and summons subsequently issued on January 9, 2024, see [D.E. 16]. Thus, plaintiff's January 8, 2024, motion for default judgment plainly was premature because Simmons' deadline for filing a waiver had not yet passed and he also had not been served the Summons and Complaint.

To the extent plaintiff's instant motion instead seeks to require Simmons to answer or defend within seven days, this request would contravene the Federal Rules of Civil Procedure. Because the summons issued as to Simmons on January 9, 2024, has not been returned executed, Simmons' answer is not yet due. See Fed. R. Civ. P. 12(a)(1)(A)(i) (providing "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint").

Accordingly, because there has been no trial or change in applicable law, and because plaintiff fails to show any clear error causing manifest injustice in the court's prior order denying as premature his motion for entry of default, the court DENIES plaintiff's instant motion for reconsideration [D.E. 18]. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017); American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003) ("Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment[,]" but instead are "committed to the discretion of the district court.").

SO ORDERED this 19th day of January, 2024.

RICHARD E. MYERS II
Chief United States District Judge