IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03128-M-RJ

| | | |
|---|---|---|
| LUIS ANTONIO ROSADO, Jr., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JOHN GRAY, et al., | ) ) ) | |
| Defendants. | ) | |

This cause is before the court on plaintiff's motions for "entry of default judgment." See Mot. [D.E. 27]; Mot. [D.E. 29]. As discussed below, the court denies these motions.

Procedural History:

On April 21, 2023, Luis Antonio Rosado, Jr. ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 7].

On November 6, 2023, the court conducted its initial review of the complaint, allowed an Eighth Amendment claim to proceed against Correctional Officer Simmons ("Simmons" or "defendant"), but dismissed the remaining claims and defendants. See Order [D.E. 11].

On November 7, 2023, pursuant to the court's Standing Order 14-SO-02, the court issued a notice of lawsuit and request to waive service of a summons as to Simmons. [D.E. 12].

On December 14, 2023, plaintiff moved to appoint counsel. Mot. [D.E. 13].

On January 8, 2024, the North Carolina Department of Adult Correction ("DAC"), by and through the North Carolina Attorney General's Office, timely informed the court that it was unable to procure a waiver of service as to Simmons and provided under seal Simmons' last known address. [D.E. 14]. Also on that date, plaintiff moved for default judgment. Mot. [D.E. 15].

On January 9, 2024, summons issued as to Simmons. [D.E. 16].

On January 10, 2024, the court denied plaintiff's motion to appoint counsel and denied as premature plaintiff's motion for default judgment. Order [D.E. 17].

On January 18, 2024, plaintiff filed a motion seeking reconsideration of that part of the court's prior order that denied his motion for default judgement. Mot. [D.E. 18].

On January 19, 2024, the court denied the motion for reconsideration. Order [D.E. 19].

On January 29, 2024, plaintiff moved for leave to amend the complaint. Mot. [D.E. 22].

On January 30, 2024, the court granted the motion for leave to amend. Order [D.E. 23].

On February 15, 2024, plaintiff filed an amended complaint. Am. Compl. [D.E. 24].

On February 16, 2024, the court conducted its initial review and allowed the amended complaint to proceed in part, Order [D.E. 25], and reissued summons as to Simmons, [D.E. 28].

On February 23, 2024, plaintiff filed the instant first self-styled "motion for entry of default judgment." See Mot. [D.E. 27].

On February 27, 2024, summons was returned executed as to Simmons, with service on February 26, 2024, and an answer due on March 18, 2024. See [D.E. 28].

On March 8, 2024, plaintiff filed the instant second self-styled "motion for entry of default judgment." See Mot. [D.E. 29].

On March 18, 2024, Simmons answered the amended complaint. See Answer [D.E. 31].

On March 19, 2024, the court entered a scheduling order, setting a discovery deadline as June 17, 2024, and a motion deadline as July 17, 2024. Order [D.E. 32].

On April 4, 2024, plaintiff filed interrogatories, a request for production of documents, and a request for admissions. See [D.E. 33].

2

Discussion:

Plaintiff argues defendant failed to answer the initial complaint by the February 11, 2024, deadline. See [D.E. 27, 29]. As noted above, however, the initial complaint was supplanted by the amended complaint, see Am. Compl. [D.E. 24], which defendant timely answered, [D.E. 31].

The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Academy v. Hoover Universal, 616 F.3d 413, 417, 421 (4th Cir. 2010); see Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

This action is in its early stages, the delay in answering was brief, plaintiff has not shown he was prejudiced by the delay, and the court does not discern bad faith. See Colleton Preparatory Acad., 616 F.3d at 418 ("delay in and of itself does not constitute prejudice to the opposing party"). Thus, the court, in its discretion, denies these motions for "entry of default judgment." See Broglie v. Mackay-Smith, 75 F.R.D. 739, 742 (W.D. Va. 1977) (whether to "grant or deny a motion for entry of default judgment is a matter largely within the discretion of the trial court.").

Conclusion:

In sum, the court DENIES the motions for "entry of default judgment" [D.E. 27, 29]. The court REMINDS plaintiff discovery materials "are not to be filed unless by order of the court or for use in the proceedings." Local Civil Rule 26.1(a); see id. ("All such papers must be served on the other parties"); see Local Civil Rule 33.1 ("All interrogatories shall be served on all parties").

SO ORDERED this 8th day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge